UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO. 15-106 |
| COREY CELESTINE | SECTION "F" |

ORDER AND REASONS

Before the Court is Corey Celestine's request for court records and documents. For the reasons that follow, the request is DENIED.

**Background**

With the benefit of counsel and a plea agreement with the government, Corey Celestine pleaded guilty to one count of conspiracy to distribute and possess with the intent to distribute one kilogram or more of heroin. On May 17, 2017, Corey Celestine was sentenced to a 120 month term of imprisonment in the custody of the Bureau of Prisons. Celestine did not appeal his conviction or sentence, nor has he collaterally challenged his sentence. Celestine, *pro se*, now requests a copy of his docket sheet, sentencing transcript, a copy of his judgment and commitment papers, and a copy of this Court's Statement and Reasons for

1

imposing sentence. He requests that he be provided copies at no cost.

I.

Under the Court Reporter Act, the right to a free transcript in federal court is conditioned upon the requester's ability to prove his indigency, a particular need for the transcript in connection with a subsequent proceeding, and that no alternative would suffice. See 28 U.S.C. § 753(f). The Fifth Circuit has "consistently held that a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is indigent." United States v. Herrera, 474 F.2d 1049, 1049 (5th Cir. 1973)(citations omitted). Celestine has no lawsuits or motions pending in this Court, nor any appeal pending in the Fifth Circuit. Nor has he alleged facts sufficient to show that the transcripts and documents he seeks are necessary for the preparation of a non-frivolous appeal or motion for post conviction relief.[1]

---

[1] Section 753(f) of Title 28 of the United States Code states, in part:

> Fees for transcripts furnished in other proceedings to persons permitted to appeal *in forma pauperis* shall also be paid by the United States **if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question).**

It appears that Celestine retained his own attorney for his plea and sentencing hearing.[2] No appeal followed. Even if Celestine had completed and submitted the requisite forms (financial affidavit as well as authorization and voucher for payment) sufficient for the Court to determine that he is indigent, which he has not, there is no appeal or motion for post conviction relief pending. Therefore, it is not possible for the Court to determine whether any hypothetical appeal or motion is frivolous or whether it presents a substantial question.

Accordingly, Celestine's motion is DENIED.

New Orleans, Louisiana, May 3, 2018

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

See also Fisher v. Hargett, 997 F.2d 1095 (5th Cir. 1993)(citing Britt v. North Carolina, 404 U.S. 226, 227 (1971)); United States v. MacCollum, 426 U.S. 317 (1976).
[2] Retained defense counsel neither filed a notice of appeal nor requested to withdraw from representation.